Per Curiam.

The court is in agreement that the disputed transactions here involved are sales validly taxable under the City Sales Tax Law.
For all sales taxes repaid by petitioner, purchaser, to its vendor, the comptroller has given the purchaser full credit. As to the balance of the taxes in dispute, petitioner does not claim to have paid them either to the city or its vendor, but relies on the fact that the vendor has apparently paid such taxes without collecting them from petitioner as vendee.
The city sales tax is imposed upon the purchaser who is required to pay the tax. The law provides for collection of the tax from the purchaser by the vendor; and if the purchaser has failed to pay and the vendor failed to collect, the tax is made payable by the purchaser directly to the treasurer and it is the purchaser’s duty to file a return and to pay the tax imposed. *451 Accordingly, vendors are prohibited from absorbing the tax, as this would put a vendor who complies with the law at a disadvantage as against a vendor who fails to do so.
In confirming the determination we do not hold that the city is authorized to collect the tax twice and retain a duplicate payment of the tax on a single transaction. The comptroller has the right and is under a duty to enforce the law against vendees who have failed to pay the tax on their taxable purchases. The vendor may have rights against the city if, as and when the city collects the tax from this petitioner. But those rights belong to and can be pursued only by the vendor.
The comptroller’s determination should be confirmed with $50 costs and disbursements.
Vah Voobhis, J. (dissenting in part). The city, as it seems to me, lacks the power to collect duplicate sales taxes from vendor and purchaser respecting the same transactions.
Subdivision e of section N41-2.0 of the Administrative Code of the City of New York provides for collection of the sales tax from the purchaser by the vendor at the time of the sale, “ and the vendor shall be liable for the collection thereof and for the tax. The vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale; provided, however, that the comptroller shall be joined as a party in any action or proceeding brought by the vendor to collect the tax.”
Subdivision f adds: ‘ ‘ Where the purchaser has failed to pay and a vendor has failed to collect a tax upon a sale or service, as imposed by this title, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the treasurer and it shall be the duty of the purchaser to file a return thereof with the treasurer and to pay the tax imposed thereon to the treasurer within fifteen days after such sale was made or service rendered.”
In this case the vendor collected the sales taxes from the purchaser from December 10, 1934 until March 31, 1937, but the vendor did not pay them to the city at the times when it collected them from the purchaser. The purchaser paid no sales taxes to the vendor during the period from April 1,1937 to J une 30, 1940. In 1943 the city appears to have demanded and obtained payment from the vendor of the sales taxes, with, interest and penalties, for the entire period from December 10, *452 1934, to June 30,1940, The comptroller gave credit to the purchaser, the petitioner herein, for the payments which it had made to the vendor through March 31, 1937, but has assessed petitioner for the period from April 1, 1937 to June 30, 1940, notwithstanding that the comptroller has already collected the tales, with interest and penalties, from, the vendor for that period in respect of the same sales of coal.
Under the provisions of the Administrative Code which have been cited, the comptroller undoubtedly had the right to pursue either the vendor or the vendee for the tax delinquencies which occurred from April i, 1937 to June 30,1940, until the full amount of these unpaid taxes together with interest and penalties had been collected; but after having been paid in full by the vendor, the comptroller had no power to collect double the amount owing by proceeding against petitioner as the purchaser with respect to the same transactions.
The order appealed from should be modified by directing the comptroller to credit the petitioner with the taxes thus paid by the vendor.
Glennon, Dore, Cohn and Callahan, JJ., concur in Per ■ Curiam opinion; Van Voorhis, J., dissents in part, in opinion.
Determination confirmed with $50 costs and disbursements to the respondent.